UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| GINA M. CARROLL, TDOC NO. 362229 | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:08-cv-249 |
| | ) | |
| STATE OF TENNESSEE; SHERIFF ESCO JARNIGAN (Hamblen Co. Jail); SHERIFF STEVE BURNS (Greene Co. Jail); ROOKIE INMAN, Jail Adm'n; TERESA LAWSON; CAPTAIN NEIL MATTHEWS, *et al.* | ) ) ) ) ) ) | |

MEMORANDUM and ORDER

This is a *pro se* state prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983. A prisoner, regardless of her financial situation, must pay the filing fee, even if it must be collected in increments. Therefore, plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where she now resides is **DIRECTED** to submit to the Clerk of Court, twenty percent (20%) of plaintiff's preceding monthly income (or income credited to her trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid.[1]

---

[1] In a typical prisoner's civil case, the inmate is required to pay an initial partial filing fee based on the funds in her inmate trust account for the last six

*McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility where plaintiff is currently confined and to Tennessee Department of Correction [TDOC] Commissioner Gayle E. Ray, to ensure full compliance with the fee-assessment procedures outlined above.[2]

The Court must now screen the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*, 114 F.3d at 607.

The complaint contains a long litany of grievances concerning the fact of plaintiff's confinement in local jails, rather than in a state prison, and the conditions to which she has been subjected in the Hamblen County jail. Plaintiff contends that:

---

months. However, plaintiff's application reflects that she has had no funds in her account for this period of time, and she thus is relieved of paying that initial fee. *See McGore*, 114 F.3d 601, 666 (6th Cir. 1996)

[2] Send the payments to:
        Clerk, USDC
        220 West Depot Street, Suite 220
        Greeneville, TN 37743

(1) for the last fourteen months, she has been a prisoner in the Hamblen County jail and, at times, the Greene County jail, and that she is serving her nineteen year state criminal sentence in violation of state guidelines because she has not been transferred to a TDOC facility within an adequate time frame;

(2) the Hamblen County jail has neglected its duties as imposed under an order of Criminal Court Judge John Dugger;

(3) she has been denied her right to fair and just treatment, for example, medical treatment, mental health treatment, specific programs, etc.;

(4) she has been denied her right to religion, church and state, life and liberty;

(5) she has had fresh air twice in three months;

(6) she has been denied her right to proper nutrition;

(7) she has been denied her right to contact visits (with all members of her family) and to visitation as regulated by state law and TDOC policies;

(8) she has been forced to live under unsafe and unsanitary conditions;

(9) both local jails are receiving payment for housing her, even though it was ordered that she be held in a TDOC institution in Nashville; and

(10) both local jails are making excuses for failing to send her to Nashville so that they can continue receiving funding for her housing.

There are several problems with these allegations. First of all, with the exception of the transfer claim, the general claims presented by plaintiff contain no information as to when the unconstitutional conduct/deprivation occurred. In addition, most of the allegations are not connected with any specific defendant and, with the aforementioned exception, none are tied explicitly to plaintiff. Furthermore, plaintiff does not show how the conduct or situation violates her rights. And, in most instances, she does not show how she has been harmed by the alleged wrongful conduct/condition. Thus, the allegations are vague and conclusory; a court need not conjure up facts not pled to support them. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988). As it is, conclusory allegations, such as these, do not suffice to state a § 1983 claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Secondly, the only relief plaintiff has sought is a court-ordered transfer from the local jails to a TDOC facility. However, since plaintiff has notified the Court that she now resides in TDOC's Tennessee Prison for Women in Nashville, Tennessee [Doc. 5], her request for the Court to issue an order transferring her to that state prison has been rendered **MOOT**.

For the foregoing reasons, the Court finds that the assertions in the complaint fail to state a claim entitling plaintiff to relief under 42 U.S.C. § 1983. Fed. R. Civ. P. 12(b)(6). A separate order will enter dismissing this case.

ENTER:

s/ J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE